**FILED**

**NOVEMBER 30, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KYLE MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FIRST RESOLUTION INVESTMENT | ) |
| CORPORATION; | ) |
| and TRANS UNION, LLC; | ) |
| | ) |
| Defendants. | ) |

**07 C 6760**

**JUDGE GOTTSCHALL
MAGISTRATE JUDGE COX**

## COMPLAINT

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.      Plaintiff brings this action to secure redress from unlawful credit reporting

practices of defendants TransUnion, LLC ("TransUnion") and First Resolution Investment

Corporation ("First Resolution"), in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681

et seq. ("FCRA").

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331

(general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and

15 U.S.C. §1681p (FCRA).

3.      Venue in this District is proper because each defendant is subject to

jurisdiction here.

1

## PARTIES

4.    Plaintiff Kyle Mitchell is a resident of the Northern District of Illinois.

5.    Defendant First Resolution Investment Corporation is a Nevada corporation that does business in Illinois.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6.    Defendant First Resolution is engaged in purchasing charged-off consumer debts and attempting to collect them from the consumers.

7.    Defendant Trans Union is a credit reporting agency with its principal place of business located at 555 W. Adams, Chicago, IL 60661.  Its registered agent and office are Prentice Hall Corporation, 33 N. LaSalle St., Chicago, IL 60602.

## FACTS

8.    In 2007, First Resolution Investment Corporation filed a lawsuit against plaintiff in the Circuit Court of DuPage County, Illinois to collect an alleged credit card debt incurred for personal, family or household purposes.

9.    By order of July 25, 2007, the action was dismissed with prejudice.  A copy of the order is attached as Appendix A.

10.    On or about August 28, 2007 (Appendix B), and again on or about September 15, 2007 (Appendix C), plaintiff wrote to First Resolution asking for deletion of the tradeline.

11.    In early October 2007, Trans Union was reporting the debt that was the subject of the First Resolution lawsuit as "payment after charge off/ collection" with a zero balance.

12.    On or about October 8, 2007, plaintiff, through counsel, wrote to Trans Union and requested deletion of all reference to the alleged debt and the lawsuit, and enclosing a copy of the DuPage County Circuit Court order.  A copy of this letter is attached as <u>Appendix D</u>.

13.    Between October 8, 2007 and October 29, 2007, Trans Union, on information and belief, contacted First Resolution to investigate plaintiff's dispute.

14.    Between October 8, 2007 and October 29, 2007, First Resolution, on information and belief, verified to Trans Union that the information concerning the debt on plaintiff's Trans Union report was accurate.

15.    The information on plaintiff's Trans Union report was not accurate.

16.    First Resolution knew that the information was not accurate.

17.    Trans Union either knew or was recklessly indifferent to whether the information was accurate.

18.    TransUnion refused to remove the incorrect information about First Resolution's claimed debt from plaintiff's credit report.  A copy of Trans Union's correspondence is attached as <u>Appendix E</u>.

## <u>COUNT I – FCRA CLAIM AGAINST TRANSUNION</u>

19.    Plaintiff incorporates ¶¶1-18.  This claim is against TransUnion.

20.    Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, TransUnion is required  to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report.  Section 1681i provides:

**§1681i.  Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

3

(1) Reinvestigation required.

(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

(C) Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt notice of dispute to furnisher of information.

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).  . . .

(4) Consideration of consumer information. In conducting any

reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of inaccurate or unverifiable information.

(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .

21.    TransUnion willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's dispute and (b) failed to correct plaintiff's credit report.

22.    TransUnion violated 15 U.S.C. §1681n and/or §1681o.

23.    Section 1681n provides:

§1681n.  Civil liability for willful noncompliance

(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–

(1)

(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

24.    Section 1681o provides:

5

§1681o.  Civil liability for negligent noncompliance

(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–

> (1) any actual damages sustained by the consumer as a result of the failure;

> (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

25.     Section 1681p provides:

§1681p.  Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title  may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against TransUnion for:

> (1)     Appropriate actual, punitive and statutory damages;

> (2)     Attorney's fees, litigation expenses and costs of suit;

> (3)     Such other or further relief as the Court deems proper.

## COUNT II – FCRA CLAIM AGAINST FIRST RESOLUTION

26.     Plaintiff incorporates ¶¶1-18.  This claim is against First Resolution.

27.     First Resolution violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-

(b), by providing false information to Trans Union when it contacted First Resolution in response to plaintiff's complaints. Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

> **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
>
> > **(A) conduct an investigation with respect to the disputed information;**
> >
> > **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**
> >
> > **(C) report the results of the investigation to the consumer reporting agency; and**
> >
> > **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**
>
> **(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

28.    First Resolution committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

29.    Section 1681n provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any**

requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--

    (1)

        (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

    (2) such amount of punitive damages as the court may allow; and

    (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

30.    Section 1681o provides:

§1681o. Civil liability for negligent noncompliance

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--

    (1) any actual damages sustained by the consumer as a result of the failure;

    (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

31.    Section 1681p provides:

§1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

8

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against First Resolution for:

(1)    Appropriate actual, punitive and statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other or further relief as the Court deems proper.


_____
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


## JURY DEMAND

Plaintiff demands trial by jury.


_____
Daniel A. Edelman


9

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20438\Pleading\Complaint -- 1st Resolution_Pleading.WPD

# APPENDIX A

State of Illinois                                         County of DuPage

## IN THE EIGHTEENTH JUDICIAL CIRCUIT COURT

FIRST RESOLUTION INVESTMENT CORP

VERSUS

KYLE J MITCHELL

Case Number

2007SC003551

FILED 07 JUL 25 PM 3:34
CLERK OF THE 18TH JUDICIAL CIRCUIT DU PAGE COUNTY, ILLINOIS
File Stamp Here

### SC Order

This case coming on to be heard _____, the Court being fully advised in the premises and having jurisdiction of the subject matter:

Plaintiff ☐appearing ☐by counsel ☐not appearing
Defendant ☐appearing ☐by counsel ☐not appearing

**It is hereby ordered:**

☐This matter is continued to _____ at _____ M. in courtroom 2001 for
     ☐Diligence (1640)                ☐Summons to Issue (300)
     ☐For Prove Up (1640)            ☐Notify for status (1690)
     ☐For Bench Trial (1640)        ☐Notify on Courts Motion (2660)
     ☐For Jury Trial (1640)          ☐Status on _____ ,(1640)
     ☐Hearing on _____ , (1640)

☐Strike Date of _____ (2840)
☐Vacate Order dated _____ (2480)

☐Default order entered against Defendant _____ , (830) or ☐ All Defendants (820)
☐Default Judgment entered against Defendant, _____ , (2150), or ☐All Defendants (810), for failing to appear after proper service, in the amount of $_____ , costs of $_____ and Attorney Fees of $_____
☐Judgment is entered in favor of Plaintiff against, a ☐Defendant, _____ , (2150), or ☐All Defendants in the amount of $_____ , costs of $_____ , costs and Attorney Fees of $_____ (1000)
☐Judgment is entered in favor of the Defendant (no money) (1005)
☐Judgment is entered in favor of the Defendant, _____ , against the Plaintiff in the amount of $_____ . (1000)
☐Stay execution of Judgment. Installment order entered. Defendant, _____ , to pay $_____ per month beginning _____ and the _____ of the month until fully paid (2445, 2500)

☐Case dismissed (1800) ☐with Prejudice ☐without Prejudice ☐Pursuant to settlement with leave to reinstate ☐Non suit
☐Case dismissed for Want of Prosecution (1790)
☐Defendant, _____ , dismissed (1700) ☐with Prejudice ☐without Prejudice ☐case still pending

☐Leave granted to file appearance, answer, affirmative defenses, and jury demand on or before _____ (2180)
☐Leave granted to file _____ on or before _____ (2180)

☐Citation Dismissed or Discharged (3440)      ☐Amend pleading _____ (2450)
☐Rule to Show Cause Discharged (1780)      ☐Garnishment Proceedings Dismissed (2030)

*complaint + counter complaint both Dismissed W/ Prejudice*

☐Final order case Closed (1990)

☐Miscellaneous order (2250)

Dated 7/25/2007             Enter: _____      JUDGE

The Honorable Chris Kachiroubas, Clerk of the 18th Judicial Circuit Court

52

# APPENDIX B

8/28/07

First Resolution Investment Corporation
PO Box 34000
Seattle, WA. 98124-1000

To whom it may concern:

On July 25th, 2007 a small claims court case 2007SC003551 was Dismissed with Prejudice in Dupage County Circuit Court in Wheaton, IL. Your attorney was Blitt & Gaines P.C. and my name is Kyle Mitchell. Your file number is 278362. I ask that you remove any and all information from all credit reporting agencies related to this matter in a prompt fashion. I appreciate your help and your attorney's help in removing this information quickly as it is damaging my credit score with the three major credit reporting agencies including Transunion, Experian, Equifax as well as Choicepoint for insurance providers. Thank you again for your prompt attention to this matter.

Sincerely,
Kyle Mitchell

Redacted

# APPENDIX C

9/15/07

First Resolution Investment Corporation
PO Box 34000
Seattle, WA, 98124-1000

To whom it may concern:

On July 25th, 2007 a small claims court case 2007SC003551 was Dismissed with Prejudice in Dupage County Circuit Court in Wheaton, IL. Your attorney was Blitt & Gaines P.C. and my name is Kyle Mitchell. Your file number is 278362. As of this date the information has still not been removed from my credit report and is in violation of the FDCPA Section 809 (b). I previously asked First Resolution and its attorney's on 8/28/07 that you remove any and all information from all credit reporting agencies related to this matter in a prompt fashion. Because the case has been dismissed with prejudice I have to assume that all collection attempts are done, yet it is listed and verified by Experian on 9/12/07. I appreciate your help and your attorney's help in removing this information quickly as it is damaging my credit score with the three major credit reporting agencies including Transunion, Experian, Equifax as well as Choicepoint for insurance providers. Thank you again for your prompt attention to this matter.

Sincerely,
Kyle Mitchell



# APPENDIX D

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
## 120 S. LaSalle Street, 18th floor
### Chicago, Illinois 60603-3403
### (312) 739-4200
### (800) 644-4673
### (312) 419-0379 (FAX)
### Email: info@edcombs.com
### www.edcombs.com

October 8, 2007

**CERTIFIED AND REGULAR MAIL**

Equifax Information Services, LLC
P.O. Box 105069
Atlanta, GA 30348

**CERTIFIED AND REGULAR MAIL**

Trans Union
Consumer Disclosure Center
P.O. Box 6790
Fullerton, CA 92834

**CERTIFIED AND REGULAR MAIL**

Experian
701 Experian Pkwy
P.O. Box 9532
Allen, TX 75013

Redacted

Re:    Kyle Mitchell, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Ladies/ Gentlemen:

Demand is hereby made that you delete from any credit reports of the above individual any reference to (a) an alleged delinquent debt owed to First Resolution Investment Corp., as assignee of Citibank, #278362, or a lawsuit, 07 SC 3551. The result of the lawsuit against Mr. Mitchell is that the complaint was dismissed with prejudice, conclusively establishing that the debt is not legally owed by our client. See enclosed order. Both the First Resolution tradeline and the Citibank tradeline must be deleted.

Please respond within 30 days and send our client a corrected credit report showing

deletion of this item. Our client's authorization for the release of credit information is also enclosed.

You are specifically requested to provide a copy of this letter and the enclosed documents to anyone asked to investigate this matter.

Sincerely yours,

Daniel A. Edelman

cc: client

2

UCS810

State of Illinois                    The United States of America                    County of DuPage

## IN THE EIGHTEENTH JUDICIAL CIRCUIT COURT

FIRST RESOLUTION INVESTMENT CORP

VERSUS

KYLE J MITCHELL

Case Number

2007SC003551

07 JUL 25  PM 3:34  FILED
CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY, ILLINOIS
File Stamp Here

### SC Order

This case coming on to be heard _____, the Court being fully advised in the premises and having jurisdiction of the subject matter:

Plaintiff  ☐appearing  ☐by counsel  ☐not appearing
Defendant  ☐appearing  ☐by counsel  ☐not appearing

It is hereby ordered:

☐This matter is continued to _____ at _____M. in courtroom 2001 for
  ☐Diligence (1640)          ☐Summons to Issue (300)
  ☐For Prove Up (1640)        ☐Notify for status (1690)
  ☐For Bench Trial (1640)     ☐Notify on Courts Motion (2660)
  ☐For Jury Trial (1640)      ☐Status on _____, (1640)
  ☐Hearing on _____, (1640)

☐Strike Date of _____ (2840)
☐Vacate Order dated _____ (2480)

☐Default order entered against Defendant _____, (830) or ☐ All Defendants (820)
☐Default Judgment entered against ☐Defendant, _____, (2150), or ☐All Defendants
  (810), for failing to appear after proper service, in the amount of $ _____, costs of
  $ _____ and Attorney Fees of $ _____
☐Judgment is entered in favor of Plaintiff against a ☐Defendant, _____, (2150), or ☐All
  Defendants in the amount of $ _____, costs of $ _____, costs and Attorney Fees of
  $ _____ (1000)
☐Judgment is entered in favor of the Defendant (no money) (1005)
☐Judgment is entered in favor of the Defendant, _____, against the Plaintiff in the amount
  of $ _____, (1000)
☐Stay execution of Judgment. Installment order entered. Defendant, _____, to pay $ _____
  per month beginning _____ and the _____ of the month until fully paid (2445, 2500)

☑Case dismissed  (1800)  ☑with Prejudice  ☐without Prejudice  ☐Pursuant to settlement with leave to
  reinstate  ☐Non suit
☐Case dismissed for Want of Prosecution (1790)
☐Defendant, _____, dismissed (1700)  ☐with Prejudice  ☐without Prejudice  ☐case
  still pending

☐Leave granted to file appearance, answer, affirmative defenses, and jury demand on or before
  _____ (2180)
☐Leave granted to file _____ on or before _____ (2180)

☐Citation Dismissed or Discharged (3440)    ☐Amend pleading _____ (2450)
☐Rule to Show Cause Discharged (1780)       ☐Garnishment Proceedings Dismissed (2030)

complaint e counter complaint
Both Dismissed W/ Prejudice

☐Final order case Closed (1990)

☐Miscellaneous order (2250)

Dated  7/25/2007              Enter: _____
                                                                JUDGE

The Honorable Chris Kachiroubas, Clerk of the 18th Judicial Circuit Court

52

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603-3403
(312) 739-4200
(800) 644-4673
(312) 419-0379 (FAX)
Email:  edcombs@aol.com
www.edcombs.com

## AUTHORIZATION

      **Kyle Mitchell** hereby authorizes **Edelman, Combs, Latturner & Goodwin, LLC** to obtain credit reports and information for the purpose of attempting to correct or remove erroneous information from them.

_Kyle Mitchell_
Kyle Mitchell

Redacted

Social Security Number

Redacted

**U.S. Postal Service**
**CERTIFIED MAIL₁ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7004 1677 9311 0001 0550 7004

Sent To
TRANS UNION CONSUMER
DISCLOSURE CENTER
PO BOX 6790
FULLERTON, CA 92834

Street, A
or PO Bc
City, Stat

PS Form

---

**U.S. Postal Service**
**CERTIFIED MAIL₁ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7004 1677 9314 0001 0550 7004

Sent To
EXPERIAN
701 EXPERIAN PKWY
PO BOX 9532
ALLEN, TX 75013

Street, Apt. I
or PO Box N
City, State, 2

PS Form 38

---

**U.S. Postal Service**
**CERTIFIED MAIL₁ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7004 1677 9338 0001 0550 7004

Sent To
EQUIFAX INFORMATION
SERVICES, LLC
PO BOX 105069
ATLANTA, GA 30348

Street, A
or PO Bc
City, Stat

PS Form

# APPENDIX E

P0DZF000200704-I008437
KYLE J. MITCHELL

Redacted

Our investigation of the dispute you submitted is now complete. The results are listed below and a new copy of your credit report is enclosed.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the name, address and telephone number of anyone we contacted for information.

Thank you for helping ensure the accuracy of your credit information.

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|------|-------------|---------|
| FIRST RESOLUTION INVESTM | # 278362 | VERIFIED, NO CHANGE |

Any corrections to your identification requested by you have been made, and are included in the following credit report.

File Number: 177081158
Page: 1 of 10
Date Issued: 10/29/2007

**TransUnion.**

## Personal Information

Name:  KYLE J. MITCHELL

SSN:
Date of Birth:
Telephone:
Your SSN is partially masked for your protection.

You have been on our files since 07/1991

### CURRENT ADDRESS

Address:
Date Reported:  07/2005

### PREVIOUS ADDRESS

Address:  715 WHALOM LN
SCHAUMBURG, IL 60173
Date Reported:  06/2005
Address:  134 HIDDEN POND CI
AURORA, IL 60504

### EMPLOYMENT DATA REPORTED

Employer Name:  DRH CAMBRIDGE HOMES
Date Reported:  07/2005
Position:  QUALITY ASSURANCE MANA
Hired:

## Account Information

## Adverse Accounts

Consumer Credit Report for KYLE J. MITCHELL

File Number:        177081158
Page:               2 of 10
Date Issued:        10/29/2007

Redacted

**FIRST RESOLUTION INVESTM #278362**
PO BOX 34000
SEATTLE, WA 98124-1000
(888) 663-5255

Loan Type: COLLECTION AGENCY/ATTORNEY
Remarks: ACCT INFO DISPUTED BY CONSUMR
Date placed for collection: 07/2006
Estimated date that this item will be removed: 03/2009

Balance:            $0
Date Verified:      10/2007
Original Amount:    $1,407
Original Creditor:  08 CITIBANK USA NA

Pay Status:         >PAYMENT AFTER CHARGE
                    OFF/COLLECTION<
Account Type:       OPEN ACCOUNT
Responsibility:     INDIVIDUAL ACCOUNT
Date Closed:        08/2007

Consumer Credit Report for KYLE J. MITCHELL

File Number:      177081158
Page:             3 of 10
Date Issued:      10/29/2007

TransUnion.

Redacted

Consumer Credit Report for KYLE J. MITCHELL

File Number: 177081158
Page: 4 of 10
Date Issued: 10/29/2007

Redacted

.0000505,

Consumer Credit Report for KNEJ, RICHARD

Case: 1:07-cv-06760    Document 1    Filed 11/30/2007    Page 29 of 34

File Number:  177081158
Page:  5 of 10
Date Issued:  10/29/2007

TransUnion.

Redacted

Consumer Credit Report for KOBEY-SANCHEZ

File Number:      177081158
Page:             6 of 10
Date Issued:      10/29/2007

Redacted



File Number: 177081158
Page: 7 of 10
Date Issued: 10/29/2007

TransUnion.

Redacted

Redacted

Nov. 20. 2007 9:19PM

Consumer Credit Report for KYLE J. MITCHELL

Case 1:07-cv-06760    Document 1    Filed 11/30/2007    Page 33 of 34

No. 0724    P. 11

File Number:    177081158
Page:    9 of 10
Date Issued:    10/29/2007


TransUnion.

Redacted

Nov. 20. 2007  3:40PM

Case 1:07-cv-06760    Document 1    Filed 11/30/2007    Page 34 of 34

No. 0724    P. 12

Consumer Credit Report for KYLE J. MITCHELL

File Number:    177081158
Page:           10 of 10
Date Issued:    10/29/2007

Redacted

