IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action 07 C 6760 |
| | ) | |
| FIRST RESOLUTION INVESTMENT | ) | Judge Gottschall |
| CORPORATION, and TRANS UNION, LLC, | ) | |
| | ) | Magistrate Judge Cox |
| Defendants. | ) | |

**DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Trans Union LLC ("Trans Union"), by its attorneys, answers Plaintiff's Complaint and asserts its defenses as follows:

**[INTRODUCTION]**

(1)  Plaintiff brings this action to secure redress from unlawful credit reporting practices of defendants TransUnion, LLC ("TransUnion") and First Resolution Investment Corporation ("First Resolution"), in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

**ANSWER:**  Trans Union admits that Plaintiff brings this action against Trans Union under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").  Trans Union denies any implication that Trans Union violated any provision of the FCRA and further denies that Trans Union is liable to Plaintiff.  To the extent that the averments of this Paragraph do not relate to Trans Union and with respect to any remaining averments, Trans Union is without knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies those averments.

## [JURISDICTION AND VENUE]

(2)     This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §1681p (FCRA).

**ANSWER:     Trans Union admits that this Court has jurisdiction over Plaintiff's FCRA claims against Trans Union under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  To the extent that the averments of this Paragraph do not relate to Trans Union and with respect to any remaining averments, Trans Union is without knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies those averments.**

(3)     Venue in this District is proper because each defendant is subject to jurisdiction here.

**ANSWER:     Trans Union admits that venue for Plaintiff's claims against Trans Union is proper in this District.  To the extent that the averments of this Paragraph do not relate to Trans Union and with respect to any remaining averments, Trans Union is without knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies those averments.**

## [PARTIES]

(4)     Plaintiff Kyle Mitchell is a resident of the Northern District of Illinois.

**ANSWER:     Trans Union admits that its file for Plaintiff contains a current address in the Northern District of Illinois.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(5) Defendant First Resolution Investment Corporation is a Nevada corporation that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER: On information and belief, Trans Union admits the averments of this Paragraph.**

(6) Defendant First Resolution is engaged in purchasing charged-off consumer debts and attempting to collect them from the consumers.

**ANSWER: Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph and therefore denies those averments.**

(7) Defendant Trans Union is a credit reporting agency with its principal place of business located at 555 W. Adams, Chicago, IL 60661. Its registered agent and office are Prentice Hall Corporation, 33 N. LaSalle St., Chicago, IL 60602.

**ANSWER: Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union admits that this Paragraph accurately states the addresses of Trans Union's principal place of business and registered agent.**

### [FACTS]

(8) In 2007, First Resolution Investment Corporation filed a lawsuit against plaintiff in the Circuit Court of DuPage County, Illinois to collect an alleged credit card debt incurred for personal, family or household purposes.

**ANSWER: On information and belief based on publicly available court documents, Trans Union admits that First Resolution filed a complaint against Plaintiff on May 2, 2007, in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, titled <u>First Resolution Investment Corp. v. Kyle J. Mitchell</u>, Case Number 2007SC003551, requesting a judgment for a indebtedness relating a charge account or line of credit. To the extent that the averments of this Paragraph do not relate to Trans Union and with respect to**

3

any remaining averments, Trans Union is without knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies those averments.

(9) By order of July 25, 2007, the action was dismissed with prejudice. A copy of the order is attached as Appendix A.

**ANSWER:** Trans Union admits that Appendix A to Plaintiff's Complaint is an order dated July 25, 2007, in <u>First Resolution Investment Corp. v. Kyle J. Mitchell</u>, Case Number 2007SC003551, which states that the case was dismissed with prejudice on that date.

(10) On or about August 28, 2007 (Appendix B), and again on or about September 15, 2007 (Appendix C), plaintiff wrote to First Resolution asking for deletion of the tradeline.

**ANSWER:** Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph and therefore denies those averments.

(11) In early October 2007, Trans Union was reporting the debt that was the subject of the First Resolution lawsuit as "payment after charge off/ collection" with a zero balance.

**ANSWER:** Trans Union admits that on at least one occasion in October 2007, Trans Union's file for Plaintiff included information relating to the accounts or tradeline FIRST RESOLUTION INVESTM #278362, that the Pay Status for that account or tradeline was "PAYMENT AFTER CHARGE OFF/COLLECTION," and that the balance for that account or tradeline was $0. On information and belief based on publicly available court documents, Trans Union admits that the account or tradeline FIRST RESOLUTION INVESTM #278362 related to the debt that was the subject of the lawsuit <u>First Resolution Investment Corp. v. Kyle J. Mitchell</u>, Case Number 2007SC003551. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph and therefore denies those averments.

4

(12)　On or about October 8, 2007, plaintiff, through counsel, wrote to Trans Union and requested deletion of all reference to the alleged debt and the lawsuit, and enclosing a copy of the DuPage County Circuit Court order. A copy of this letter is attached as Appendix D.

**ANSWER:　Trans Union admits that the Appendix D to Plaintiff's Complaint contains a partially-redacted copy of a dispute that was sent to Trans Union on Plaintiff's behalf concerning the information in Trans Union's file for Plaintiff relating to the account or tradeline FIRST RESOLUTION INVESTM #278362. Answering further, Trans Union admits that it received this correspondence on October 12, 2007. Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(13)　Between October 8, 2007 and October 29, 2007, Trans Union, on information and belief, contacted First Resolution to investigate plaintiff's dispute.

**ANSWER:　Trans Union admits that it conducted a reinvestigation concerning the account or tradeline FIRST RESOLUTION INVESTM #278362 and that it issued an automated consumer dispute verification ("ACDV") to First Resolution regarding that account or tradeline on October 16, 2007.**

(14)　Between October 8, 2007 and October 29, 2007, First Resolution, on information and belief, verified to Trans Union that the information concerning the debt on plaintiff's Trans Union report was accurate.

**ANSWER:　Trans Union admits that First Resolution responded to Trans Union's ACDV on October 25, 2007, by confirming the accuracy of certain information in Trans Union's file and requesting modification of other information regarding the account or tradeline FIRST RESOLUTION INVESTM #278362.**

(15)　The information on plaintiff's Trans Union report was not accurate.

**ANSWER:　Trans Union denies any implication that Trans Union violated any provision of the FCRA and further denies that Trans Union is liable to Plaintiff. To the extent that the averments of this Paragraph do not relate to Trans Union and with respect**

to any remaining averments, Trans Union is without knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies those averments.

(16)　First Resolution knew that the information was not accurate.

**ANSWER:　Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph and therefore denies those averments.**

(17)　Trans Union either knew or was recklessly indifferent to whether the information was accurate.

**ANSWER:　Trans Union denies the averments of this Paragraph.**

(18)　TransUnion refused to remove the incorrect information about First Resolution's claimed debt from plaintiff's credit report. A copy of Trans Union's correspondence is attached as Appendix E.

**ANSWER:　Trans Union admits that, after its reinvestigation of Plaintiff's dispute in October 2007, it did not remove the information in its file for Plaintiff regarding the account or tradeline FIRST RESOLUTION INVESTM #278362. Trans Union admits that Appendix E to Plaintiff's Complaint contains a partially-redacted and incomplete copy of correspondence that Trans Union sent to Plaintiff informing him of the results of its investigation. Trans Union denies the remaining allegations of this Paragraph.**

### [COUNT I – FCRA CLAIM AGAINST TRANSUNION]

(19)　Plaintiff incorporates ¶¶ 1-18. This claim is against TransUnion.

**ANSWER:　Trans Union restates, as its answer to this Paragraph, its answers to each and every averment of Paragraphs 1-18 of Plaintiff's Complaint.**

(20)　Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, TransUnion is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report. Section 1681i provides:

§1681i.  Procedure in case of disputed accuracy

(a) Reinvestigations of disputed information.

    (1) Reinvestigation required.

        (A) In general.  If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

        (B) Extension of period to reinvestigate.  Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

        (C) Limitations on extension of period to reinvestigate.  Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

    (2) Prompt notice of dispute to furnisher of information.

        (A) In general.  Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person.  The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

        (B) Provision of other information from consumer.  The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). …

    (4) Consideration of consumer information.  In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all

7

relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

    (5)    Treatment of inaccurate or unverifiable information.

        (A)    In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .

**ANSWER:**    **Trans Union admits that this Paragraph quotes a portion of 15 U.S.C. § 1681i, but denies that this Paragraph contains all of the provisions of 15 U.S.C. § 1681i. Trans Union respectfully refers the Court to the FCRA in its entirety, 15 U.S.C. § 1681 et seq., for a full description of the legal requirements governing consumer reporting agencies.**

(21)    TransUnion willfully or negligently (a) failed to take reasonable measures to investigation plaintiff's dispute and (b) failed to correct plaintiff's credit report.

**ANSWER:**    **Trans Union denies the averments of this Paragraph.**

(22)    TransUnion violated 15 U.S.C. §1681n and/or §1681o.

**ANSWER:**    **Trans Union denies the averments of this Paragraph.**

(23)    Section 1681n provides:

§1681n. Civil liability for willful noncompliance

(a)    In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of –

    (1)

        (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

    (2)    such amount of punitive damages as the court may allow; and

  (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

**ANSWER:** **Trans Union denies that this Paragraph accurately quotes 15 U.S.C. § 1681n. Trans Union respectfully refers the Court to the FCRA in its entirety, 15 U.S.C. § 1681 et seq., for a full description of the legal requirements governing consumer reporting agencies.**

 (24) Section 1681o provides:

§1681o. Civil liability for negligent noncompliance

(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of-

  (1) any actual damages sustained by the consumer as a result of the failure;

  (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**ANSWER:** **Trans Union admits that this Paragraph quotes a portion of 15 U.S.C. § 1681o, but denies that this Paragraph contains all of the provisions of 15 U.S.C. § 1681o. Trans Union respectfully refers the Court to the FCRA in its entirety, 15 U.S.C. § 1681 et seq., for a full description of the legal requirements governing consumer reporting agencies.**

 (25) Section 1681p provides:

§1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title to be disclosed to an individual and the information so misrepresented is material

CHGO1\31130444.1

to the establishment of the defendant's liability to that individual under this title, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

**ANSWER:** **Trans Union denies that this Paragraph accurately quotes 15 U.S.C. § 1681p. Trans Union respectfully refers the Court to the FCRA in its entirety, 15 U.S.C. § 1681 et seq., for a full description of the legal requirements governing consumer reporting agencies.**

**[COUNT II – FCRA CLAIM AGAINST FIRST RESOLUTION]**

(26)  Plaintiff incorporates ¶¶1-18. This claim is against First Resolution.

**ANSWER:** **Trans Union restates, as its answer to this Paragraph, its answers to each and every averment of Paragraphs 1-18 of Plaintiff's Complaint.**

(27)  First Resolution violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-(b), by providing false information to Trans Union when it contacted First Resolution in response to plaintiff's complaints. Section 1681s-2(b) provides:

(b)  Duties of furnishers of information upon notice of dispute.

(1)  In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A)  conduct an investigation with respect to the disputed information;

(B)  review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];

(C)  report the results of the investigation to the consumer reporting agency; and

(D)  if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2)  Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the

period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**ANSWER:** **Trans Union admits that this Paragraph quotes a portion of 15 U.S.C. § 1681s-2(b).**

(28) First Resolution committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

**ANSWER:** **Trans Union is without knowledge or information sufficient to form a belief as to the truth of these averments, which are not directed at Trans Union.**

(29) Section 1681n provides:

§1681n. Civil liability for willful noncompliance

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of-

(1)

(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

**ANSWER:** **Trans Union denies that this Paragraph accurately quotes 15 U.S.C. § 1681n.**

(30) Section 1681o provides:

§1681o. Civil liability for negligent noncompliance

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of-

(1) any actual damages sustained by the consumer as a result of the failure;

11

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**ANSWER:** **Trans Union admits that this Paragraph quotes a portion of 15 U.S.C. § 1681o.**

(31) Section 1681p provides:

§1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

**ANSWER:** **Trans Union denies that this Paragraph accurately quotes 15 U.S.C. § 1681p.**

# DEFENDANT TRANS UNION LLC'S DEFENSES

## FIRST DEFENSE

At all times relevant to Plaintiff's Complaint, Trans Union followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

## SECOND DEFENSE

Trans Union reasonably and completely reinvestigated and reverified all information disputed by Plaintiff in compliance with the FCRA, 15 U.S.C. § 1681i.

CHGO1\31130444.1

**THIRD DEFENSE**

Any purported damages to Plaintiff, which Trans Union continues to deny, are the result of acts or omissions by entities over whom Trans Union has neither control nor responsibility.

**FOURTH DEFENSE**

Plaintiff's Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Trans Union, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever, from Trans Union.

**FIFTH DEFENSE**

Some or all of Plaintiff's claims may be barred because Plaintiff failed to mitigate any claimed damages.

**SIXTH DEFENSE**

Trans Union reserves the right to raise additional defenses to which it may be entitled which may be developed during the course of discovery.

**WHEREFORE,** Defendant Trans Union LLC respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit including reasonable attorneys' fees, and order such other and different relief as the Court deems just.

Date:  January 23, 2008                    Respectfully submitted,

                                           **TRANS UNION LLC**


                                           By:   /s/ Sharon R. Albrecht
                                                   One of Its Attorneys

Monica L. Thompson (ARDC #06181455)
Albert E. Hartmann (ARDC #06256064)
Sharon R. Albrecht (ARDC #06288927)
**DLA PIPER US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601
312-368-4000

14

CHGO1\31130444.1